LESLIE PRINCIVALLI, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (1st Division)   No. 1—89—0192

Opinion filed September 4, 1990.

Beermann, Swerdlove, Woloshin & Barezky, of Chicago (Lawrence R. Barezky, Timothy M. Kelly, and Michael A. Burr, of counsel), for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Nina Puglia, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Leslie Princivalli, appeals from an order granting summary judgment in favor of defendant, City of Chicago, in a negligence action alleging that the city had failed to maintain a city street in a reasonably safe condition. On appeal, plaintiff contends that because she was an intended and permitted user of the city's residential street and had been using the street in a foreseeable manner at the time she was injured, the trial court erred in ruling that, pursuant to section 3—102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, par. 3—102(a)), the city owed no duty to her. For the following reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

The record reveals that on February 21, 1982, approximately 2:30 a.m., plaintiff, her sister, and her cousin returned home from visiting a friend. Plaintiff legally parked her car parallel to the curb across the street from her home. The driver's side of the car was next to the curb. When plaintiff alighted from her car, she walked around the back end of the car and stepped off the curb into the street. As she was crossing the street, she accidentally stepped into a pothole and fell on her right side, landing on her elbow. Her sister, who had been walking behind her, helped her up. Plaintiff's arm was sore when she got home, but she just took a few aspirin and went to bed. When her arm was still sore and bruised the next morning, plaintiff's cousin drove her to the hospital emergency room where X rays were taken and it was determined that she had a comminuted fracture of the elbow. Plaintiff was then admitted to the hospital and her arm was op-

erated on the following day. Subsequently, plaintiff had two additional operations, the first to remove a pin and the second to remove a wire.

On June 28, 1982, plaintiff filed a negligence complaint against the city, seeking damages for her injuries. On October 11, 1988, the city moved for summary judgment, arguing that plaintiff, as a jaywalker, was not an intended and permitted user of the roadway pursuant to section 3—102(a) of the Tort Immunity Act. Therefore, the city did not have a duty to plaintiff to maintain the roadway in a reasonably safe condition. Following a hearing on the motion,[1] the trial court granted summary judgment in favor of the city. Plaintiff appealed.

■■ The sole issue before this court is whether the trial court properly granted summary judgment in favor of the city. Summary judgment is proper when the pleadings, together with any depositions, admissions, affidavits and exhibits, indicate that there is no genuine issue of material fact. (*Best v. Richert* (1979), 72 Ill. App. 3d 371, 389 N.E.2d 894.) Upon review, the court has a duty to construe evidence strictly against a movant and liberally in favor of the opponent. The right to summary judgment must be free from doubt and determinable solely as a question of law. *Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003, 374 N.E.2d 1147.

■ In the present case, plaintiff and the city each present a different issue on appeal. Plaintiff states the issue as whether the trial court erred in ruling that she was not an intended and permitted user of the city's street when she crossed the street in mid-block to get from her legally parked car to her home. The city, on the other hand, states that the issue is whether, pursuant to section 3—102(a), the city has a duty to a pedestrian who crosses the street in mid-block outside of a crosswalk. The reason for the confusion is that the appropriate issues were not presented to the trial court in the motion for summary judgment and, therefore, necessary rulings were not made. Section 3—102(a) of the Tort Immunity Act provides:

"(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condi-

---

[1]The record does not contain a transcript of the proceedings.

tion that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." (Ill. Rev. Stat. 1985, ch. 85, par. 3—102(a).)

As section 3—102(a) indicates, before a determination can be made as to whether the city has a duty toward plaintiff, the issues of whether plaintiff was an intended and permitted user of the street and, if so, whether her use of the street was reasonably foreseeable must be resolved.

■ Neither of these threshold issues was raised in the city's motion for summary judgment. Instead, the city reached its own legal conclusions on these issues and presented them to the trial court as fact. Specifically, the city argued that plaintiff had been jaywalking at the time of the accident and, therefore, was not a permitted and intended user of the street. Interestingly, during oral argument, the city altered its position and admitted that plaintiff had not been jaywalking and that she was a permitted user of the street. However, the city maintained its position that she was not an intended user of the street. In our view, the entry of summary judgment on the issue of duty was premature. As stated, the questions of permitted and intended use and reasonable foreseeability must be addressed first. Without a clear resolution of these questions, the right to summary judgment is not free from doubt.

The cases relied upon by the city are distinguishable on the pivotal point that, in each of these cases, there was no question as to whether the respective plaintiff had been an intended and permitted user of the street. *Vlahos v. City of Chicago* (1990), 198 Ill. App. 3d 911 (plaintiff was walking to his illegally double-parked truck); *Mason v. City of Chicago* (1988), 173 Ill. App. 3d 330, 527 N.E.2d 572 (plaintiff admitted that she had been jaywalking); *Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 502 N.E.2d 357 (plaintiff had been jaywalking); and *Deren v. City of Carbondale* (1973), 13 Ill. App. 3d 473, 300 N.E.2d 590 (plaintiff was struck by a car while using the roadway as a sidewalk).

For the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BUCKLEY, P.J., and MANNING, J., concur.