LORI J. BLOMQUIST, Plaintiff-Appellee, v. SAMANTHA KENT, Defendant-Appellee (Allied American Insurance Company, Garnishee Defendant-Appellant).

First District (1st Division)    No. 1—92—1083

Opinion filed May 9, 1994.—Rehearing denied July 14, 1994.

Moss & Hillison, of Chicago (Gregory R. Spelson, of counsel), for appellant.

Abrams & Ament, P.C., of Wheeling (Edward R. Jordan, of counsel), for appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Garnishee defendant-appellant, Allied American Insurance Company (Allied), appeals from the October 3, 1991, order of the trial

court entering judgment in favor of Samantha Kent, the defendant in a personal injury damage action, for the use of plaintiff, Lori Blomquist, against Allied, for $10,000 plus costs. Allied further appeals from the February 5, 1992, order of the trial court: (1) denying Allied's motion to compel plaintiff to produce a document for inspection; and (2) denying Allied's post-trial motion to reconsider. On appeal, Allied contends that: (1) the trial court erred in entering judgment against it, where evidence at the garnishment hearing revealed that Allied never received notice of plaintiff's lawsuit; (2) the trial court erred in admitting certain hearsay evidence at the hearing; and (3) the trial court erred in denying Allied's post-trial motion to compel plaintiff to produce evidence admitted during the garnishment hearing.

The record contains the following relevant facts. On June 4, 1991, plaintiff filed an "Affidavit of Garnishment (Non-Wage)" alleging that on April 25, 1991, plaintiff obtained a judgment of $10,000 plus costs and interest against defendant. On July 8, 1991, Allied filed a "No Funds" answer, along with "Affirmative Matters," alleging that defendant failed to comply with a condition of the applicable Allied insurance policy, by failing to forward to Allied every demand, notice, summons or other process, and by failing to provide Allied with actual notice of plaintiff's complaint.

A garnishment hearing commenced on October 3, 1991. The record reveals that no court reporter was present at the hearing and that the proceedings were not transcribed. Instead, the parties submitted on appeal a "Report of Proceedings" which was certified by the trial court on June 26, 1992. In addition, the parties included in the record on appeal an "Agreed Statement of Facts," which, subject to a few paragraphs that are not agreed upon, represents the parties' recollection of the proceedings.

The agreed facts are as follows. At the hearing, on October 3, 1991, Allied argued that plaintiff had the burden of proof to establish that Allied was obligated to pay the judgment entered against the defendant. The trial court ruled that the burden of proof was upon Allied. Neither the defendant nor the defendant's attorney appeared at the hearing.

Allan Zussman, an adjuster for Allied, testified that Allied had not received any notice of plaintiff's lawsuit until served with the garnishment action.

On cross-examination, Zussman testified that Valerie Makowski, another Allied adjuster, worked on the file extensively, and that the file contained several pieces of correspondence between plaintiff's counsel and Makowski. Plaintiff's counsel recalls that Zussman

testified that he saw Allied's file in this matter for the first time to prepare for his testimony on October 3, 1991. Allied's counsel denies that Zussman ever made such a statement.

Zussman identified an original letter and notice of attorney's lien from plaintiff's counsel to defendant dated March 16, 1989. He further testified that Allied received the letter from defendant. Plaintiff's counsel asked Zussman if the file contained a letter from plaintiff's counsel to Makowski dated September 11, 1990. Zussman stated that he could find no letter from plaintiff's counsel to Makowski dated September 11, 1990, and stated that Allied never received the letter.

Plaintiff's counsel stated that the September 11, 1990, letter was a letter he had written and mailed on that day to Makowski, along with a copy of the summons and complaint. Plaintiff offered into evidence exhibit 1, a copy of the September 11, 1990, letter. Plaintiff's counsel was not sworn in as a witness.

Allied objected to exhibit 1 being received as evidence, arguing that: (1) it was hearsay; (2) no foundation had been laid to authenticate the document; and (3) no foundation had been laid to establish that exhibit 1 was actually sent to Allied. The court overruled these objections and admitted exhibit 1 into evidence.

Plaintiff's counsel recalls that thereafter, Allied failed to cross-examine plaintiff's counsel regarding exhibit 1. Allied's counsel recalls that she was not given the opportunity to cross-examine plaintiff's counsel.

In subsequent post-trial proceedings, Allied argued that it was deprived of the opportunity to cross-examine plaintiff's counsel at the October 3, 1991, hearing. At that time, the trial court offered to Allied's counsel the opportunity to cross-examine plaintiff's counsel regarding exhibit 1. Allied argued that no evidence had been presented to contradict Zussman's testimony that defendant never provided any notice to Allied of plaintiff's lawsuit.

Following arguments, the trial court found that there was sufficient credible evidence to establish that Allied had actual notice of the pending litigation. The trial court then entered judgment in favor of defendant, for the use of plaintiff, and against Allied for $10,000 plus costs and interest.

On October 18, 1991, Allied filed a motion to compel the plaintiff to produce the original copy of the alleged letter of September 11, 1990, and also requested leave to file a motion to reconsider the trial court's order of October 3, 1991.

On February 5, 1992, the trial court denied both Allied's motion to compel and motion to consider.

Allied filed a timely notice of appeal on March 6, 1992.

Initially, Allied contends that the trial court erred in entering judgment against it because the evidence at the garnishment hearing revealed that defendant never received notice of plaintiff's original lawsuit. Allied essentially suggests that the trial court's decision is contrary to the manifest weight of the evidence.

A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings are unreasonable, arbitrary, and not based upon the evidence. Upon review, this court may not reconsider the evidence or reassess the witnesses' credibility or demeanor. *Horace Mann Insurance Co. v. Brown* (1992), 236 Ill. App. 3d 456, 465, 603 N.E.2d 760.

■ Allied relies on *Sowinski v. Ramey* (1976), 36 Ill. App. 3d 690, 344 N.E.2d 635, and *Johnson v. R&D Enterprises* (1982), 106 Ill. App. 3d 496, 435 N.E.2d 1233. In *Sowinski*, the evidence at trial showed that the insured failed to cooperate with the insurer to provide information necessary for the insurer's investigation and management of a claim. The court held for the garnishee, finding the garnishee had established by a preponderance of the evidence all affirmative defenses raised in its pleadings, including that of noncooperation. In *Johnson*, the court found that "where an insured has breached policy conditions, a garnishment action generally will not lie." *Johnson*, 106 Ill. App. 3d at 500.

The cases cited by Allied are unpersuasive. Allied has not shown that the evidence at the hearing revealed that the defendant failed to cooperate in the investigation or that she breached the policy conditions relevant in the present case.

The record in the present case shows that Allied failed to establish its affirmative defense that it did not receive notice of plaintiff's lawsuit. Allied submitted one witness, Zussman, on its behalf at the garnishment hearing. Zussman testified that he did not work on the file relevant to the plaintiff's accident claim, but rather reviewed the file only to prepare to testify on October 3, 1991. Zussman testified that another Allied adjuster, Makowski, worked on the file extensively, and that the file contained several pieces of correspondence between plaintiff's counsel and Makowski. Zussman identified from the file an original letter and notice of attorney's lien from plaintiff's counsel to defendant dated March 16, 1989, and stated that Allied received the letter from defendant. Zussman further testified that he could not find in the file a letter from plaintiff's counsel to Makowski dated September 11, 1990. Based on this testimony, the trial court determined that Allied had notice of plaintiff's original lawsuit against defendant. Allied has thus failed to show that the decision of the trial court was against the manifest weight of the evidence.

■ Next, Allied contends that the trial court erred in admitting into evidence at trial plaintiff's exhibit 1, a copy of a letter dated September 11, 1990, written by plaintiff's counsel and sent to Makowski, allegedly attaching plaintiff's summons and complaint. Allied argues that exhibit 1 was improper hearsay, for which no foundation was laid. Allied further argues that plaintiff's counsel was not deemed a witness in the proceeding, and was not sworn under oath, and therefore his "testimony" regarding exhibit 1 was improper. We note that plaintiff's exhibit 1 is not included in the record on appeal.

A letter introduced for the sole purpose of showing that the letter was sent to and received by a party is not hearsay. (*Fandrich v. Allstate Insurance Co.* (1974), 25 Ill. App. 3d 301, 322 N.E.2d 843.) In the present case, plaintiff introduced into evidence a copy of a letter dated September 11, 1990, to show that the original was sent to Allied. Allied has cited no authority in support of its contention that an attorney must be sworn under oath in order to describe an exhibit to the court.

From the facts available, exhibit 1 was properly admitted to impeach the credibility of a witness on cross-examination. (See *Frisch v. International Harvester Co.* (1975), 33 Ill. App. 3d 507, 338 N.E.2d 90.) The record shows that Zussman testified on cross-examination that Makowski worked extensively on the file and that the file contained correspondence between plaintiff's counsel and Makowski. Zussman further identified an original letter and notice of attorney's lien from plaintiff's counsel to defendant dated March 16, 1989, and stated that Allied received the letter from defendant. Plaintiff then showed Zussman exhibit 1, a copy of the September 11, 1990, letter, and Zussman insisted that the original was not in the file. Under the circumstances, exhibit 1 was properly considered by the trial court.

■ Finally, Allied contends that the trial court erred in denying its post-trial motion to compel plaintiff to produce the original copy of the September 11, 1990, letter, admitted into evidence as plaintiff's exhibit 1 during the garnishment hearing. Allied has failed to cite any authority in support of this contention and therefore has waived this issue for review by this court. *In re Marriage of Olbrecht* (1992), 232 Ill. App. 3d 358, 597 N.E.2d 635.

For the reasons stated, we therefore affirm the judgment of the trial court.

Affirmed.

O'CONNOR and MANNING, JJ., concur.