665 N.E.2d 433 (1996)
Edward HOUGH, As Special Adm'r of the Estate of Tina Marie Hough, Deceased, Plaintiff-Appellant,
v.
Christopher T. KALOUSEK et al., Defendants-Appellees (Christopher T. Kalousek, Cross-Plaintiff-Appellant; The Village of Oak Lawn, Cross-Defendant-Appellee).
No. 1-95-1211.
Appellate Court of Illinois, First District, Fifth Division.
April 19, 1996.
*434 John E. Marszalek, Marszalek & Marszalek, John F. Klebba, John F. Klebba, P.C., Chicago, for Appellant.
Williams & Montgomery, Chicago (James K. Horstman, Barry L. Kroll, Jeffrey H. Lipe, of counsel), John J. O'Connor, Oak Lawn, for Appellees.
Justice COUSINS delivered the opinion of the court:
The plaintiff, Edward Hough, as special administrator of the estate of Tina Marie Hough, deceased, sued the defendants, Christopher Kalousek and The Village of Oak Lawn, alleging that their negligence had caused the death of decedent from a car accident while she was standing on a street. Count I of plaintiff's complaint alleged that Mr. Kalousek failed to exercise reasonable care when driving his vehicle, and count II alleged that Oak Lawn failed to adequately maintain the streetlights where the accident occurred. Mr. Kalousek filed a cross-claim against Oak Lawn for contribution. Oak Lawn moved to dismiss count II pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 1992)), and the trial court granted the motion on two grounds: (1) Oak Lawn had no duty to protect a pedestrian on its street who was not an intended user of the street, and (2) Oak Lawn's actions were not the proximate cause of the accident, but had merely created a condition where the accident could occur. Plaintiff and Mr. Kalousek have both filed separate appeals of the court's decision. Plaintiff also asked the trial court, in the alternative, to grant a protective order against Mr. Kalousek which would prevent Mr. Kalousek from making any reference to inadequate lighting at trial. The trial court denied this motion, from which plaintiff has also appealed.
We affirm.

*435 BACKGROUND
On July 26, 1992, Tina Hough was a pedestrian on 95th Street in Oak Lawn, standing at approximately 5400 West. Mr. Kalousek was driving his car down 95th Street and collided with Ms. Hough at 1:30 a.m., killing her in the collision.
Plaintiff filed his complaint on August 25, 1992, and his fourth amended complaint on July 18, 1994. That complaint contained two counts. Count I alleged that Mr. Kalousek had negligently operated his vehicle, resulting in the accident as decedent stood on 95th Street. Count II alleged negligence by Oak Lawn resulted in the accident and that Oak Lawn had been negligent in one or more of the following ways when it:
"a. Turned off every second street light on both sides of West 95th Street at approximately 5400 West in Oak Lawn, Illinois after 1:00 a.m. after having actual notice that 121 collisions involving motor vehicles had taken place * * *;
b. Failed to warn motorists and/or pedestrians that every other street light would be turned off after 1:00 a.m. * * *;
c. Failed to adequately investigate and study the accident history * * *;
d. Failed to adequately maintain the lighting on West 95th Street * * *;
e. Created an unsafe and hazardous situation by turning off every other light on West 95th Street;
f. Failed to comply with standards of the Illuminating Engineering Society of North America by failing to maintain average luminance values of 1.2 cd/m * * *; [and]
g. Failed to adequately maintain the street lights on the south side of West 95th Street at approximately 5400 West."
On July 9, 1993, Mr. Kalousek filed a cross-claim for contribution against Oak Lawn. On September 12, 1994, Oak Lawn moved to dismiss count II pursuant to section 2-615. Oak Lawn made two arguments: (1) the allegations were insufficient to state a cause of action because they did not imply that Oak Lawn had actual notice that 95th Street was not properly illuminated, and (2) the allegations were insufficient to establish that Oak Lawn had proximately caused the decedent's injuries because Oak Lawn merely furnished a condition where the accident could occur. On November 14, 1994, the court granted Oak Lawn's motion and dismissed count II. The court gave two reasons for its decision: (1) the court agreed with Oak Lawn that the complaint could not establish that Oak Lawn had proximately caused the accident, and (2) the court held that Oak Lawn had no duty towards the decedent under section 3-102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3-102 (West 1992)) because the complaint had not alleged facts which would have made the decedent an intended and permitted user of the street as a pedestrian. Plaintiff's motion for reconsideration was denied on March 3, 1995, from which plaintiff appeals. On March 3, 1995, the court also denied plaintiff's alternative request for a protective order against Mr. Kalousek to prevent him from referring to inadequate lighting during their trial, and plaintiff has also appealed the denial of that order. Mr. Kalousek, as a party aggrieved by the judgment in Oak Lawn's favor in his action as cross-plaintiff, has joined in plaintiff's appeal against Oak Lawn in a separate appeal.

OPINION

I
The question presented by a section 2-615 motion to dismiss is whether the plaintiff has alleged sufficient facts in the complaint which, if proved, would entitle the plaintiff to relief. Boyd v. Travelers Insurance Co., 166 Ill.2d 188, 194, 209 Ill.Dec. 727, 652 N.E.2d 267 (1995). As we review the sufficiency of the complaint, all well-pleaded facts and all reasonable inferences from them are taken as true. Mt. Zion State Bank & Trust v. Consolidated Communications, Inc., 169 Ill.2d 110, 115, 214 Ill.Dec. 156, 660 N.E.2d 863 (1995). Although pleadings are to be liberally construed, a complaint must state a cause of action by allegation of facts, and the failure to do so cannot be aided by any principle of liberal construction. Consolidated, 169 Ill.2d at 118-19, 214 Ill.Dec. 156, 660 N.E.2d 863. On appeal from an order *436 granting a section 2-615 motion, our review is de novo. Consolidated, 169 Ill.2d at 127, 214 Ill.Dec. 156, 660 N.E.2d 863.
In order to state a cause of action in negligence, plaintiff must plead sufficient facts to establish that defendant owed plaintiff a duty of care, a breach of that duty, and an injury proximately caused by that breach. Vaughn v. City of West Frankfort, 166 Ill.2d 155, 157-58, 209 Ill.Dec. 667, 651 N.E.2d 1115 (1995). The duty of a local government is limited by section 3-102 of the Tort Immunity Act. 745 ILCS 10/3-102 (West 1992); Vaughn, 166 Ill.2d at 158, 209 Ill.Dec. 667, 651 N.E.2d 1115. Section 3-102(a) states:
"(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used * * *." 745 ILCS 10/3-102(a) (West 1992).
The Tort Immunity Act is in derogation of the common law and must be strictly construed against the public entity. Vaughn, 166 Ill.2d at 158, 209 Ill.Dec. 667, 651 N.E.2d 1115.
In the instant matter, we agree with the trial court that plaintiff did not plead sufficient facts to establish a duty under section 3-102(a) for Oak Lawn to protect the decedent. In Vaughn, the supreme court held that pedestrians who cross a street midblock, outside of a crosswalk, are not intended users of the street as contemplated in section 3-102. Vaughn, 166 Ill.2d at 161, 209 Ill.Dec. 667, 651 N.E.2d 1115. Because pedestrians are not intended users of streets, Vaughn stated, "We simply hold that local municipalities owe no duty to maintain streets and roadways in a reasonably safe condition for pedestrians who choose to cross the street outside the protection of crosswalks." Vaughn, 166 Ill.2d at 164, 209 Ill. Dec. 667, 651 N.E.2d 1115. Because plaintiff did not plead that decedent was standing in a crosswalk, the complaint did not establish any duty by Oak Lawn towards the decedent.
Plaintiff first argues that the court's finding was improper because he was given no opportunity to brief the issue of intended use under section 3-102(a) before the trial court's decision, nor was he given a chance to amend his pleading to the court's satisfaction. As to briefing, plaintiff fully briefed the issue of intended use before the denial of his motion to reconsider, the order which plaintiff has appealed. As to amending, plaintiff never asked for leave to amend his complaint in his motion to reconsider or at any time in the three months before the trial court denied his motion to reconsider. Because plaintiff never asked for leave to amend, the cause of action stands or falls based on the sufficiency of the stricken pleading. Mlade v. Finley, 112 Ill.App.3d 914, 917, 68 Ill.Dec. 387, 445 N.E.2d 1240 (1983). Moreover, at oral argument, plaintiff admitted that he had chosen to stand on his complaint as pleaded, thus rendering moot his contention that he was given no chance to amend his complaint.
Plaintiff also contends in his reply brief that the trial court based its decision on improper personal observations of the area where the accident occurred. Nevertheless, because our review of a section 2-615 motion is de novo, we summarily disregard any extrinsic facts the trial court may have considered and by so doing eradicate any error in this case. Oakley Transport Inc. v. Zurich Insurance Co., 271 Ill.App.3d 716, 720, 208 Ill.Dec. 177, 648 N.E.2d 1099 (1995).
Plaintiff next claims that Oak Lawn was required to plead statutory immunity under section 2-619 before relying on the Tort Immunity Act. However, the language of section 3-102(a) speaks only of duty and not immunity. In addition, Vaughn also considered section 3-102(a) in addressing its section 2-615 motion, relying on section 3-102(a) to establish a municipality's duty towards pedestrians. Vaughn, 166 Ill.2d at 158, 209 Ill.Dec. 667, 651 N.E.2d 1115. Thus, Vaughn contradicts plaintiff's contention that Oak Lawn could not rely on the Tort Immunity Act to establish the extent of its duty pursuant to a section 2-615 motion.
*437 Plaintiff also contends that section 3-102(a) does not apply to this case because Oak Lawn used the lights improperly by turning them off, as opposed to the language of section 3-102(a) which outlines the municipal duty to maintain property. Maintenance activities are acts to prevent a decline, lapse or cessation from an existing state or condition. Fari v. McCormick Center Hotel, Inc., 275 Ill.App.3d 1052, 1056, 212 Ill.Dec. 370, 657 N.E.2d 65 (1995); Black's Law Dictionary 953 (6th ed. 1990). "Use" is defined as "to put into action or service." Black's Law Dictionary 1541 (6th ed. 1990). Plaintiff accuses Oak Lawn of negligence by not keeping all its lights operational during the night. This allegation is identical to the allegation that Oak Lawn did not keep its lights in their existing state, and thus plaintiff's complaint involves maintenance. Because the complaint never alleges that Oak Lawn negligently put a dangerous instrumentality into action, "use" is not involved. Plaintiff relies on McCuen v. Peoria Park District, 163 Ill.2d 125, 205 Ill.Dec. 487, 643 N.E.2d 778 (1994), where the court denied immunity under section 3-106 of the Tort Immunity Act when a mule-drawn ride was misused so that it became a dangerous instrument. However, Oak Lawn did not unleash a dangerous instrumentality, nor is Oak Lawn seeking immunity under section 3-106. In contrast, plaintiff's complaint is almost indistinguishable from the allegations in Wojdyla v. City of Park Ridge, 148 Ill.2d 417, 170 Ill.Dec. 418, 592 N.E.2d 1098 (1992), in which the supreme court analyzed, under section 3-102(a), allegations that a municipality had failed to provide sufficient lighting along its street. Plaintiff attempts to distinguish Wojdyla by stating that the case centered around the correct location of lighting, but the negligence alleged in Wojdyla is identical to this matterinsufficient streetlights which resulted in inadequate illumination.
Lastly, both appellants argue that even if the complaint does not allege where decedent was standing, such a determination is a factual issue which is an improper basis for a section 2-615 motion on the pleadings. However, the question presented by a section 2-615 motion to dismiss is whether the plaintiff has alleged sufficient facts in the complaint which, if proved, would entitle the plaintiff to relief. Boyd, 166 Ill.2d at 194, 209 Ill.Dec. 727, 652 N.E.2d 267. The complaint must sufficiently set forth every essential fact to be proved. Carter v. New Trier East High School, 272 Ill.App.3d 551, 555, 208 Ill.Dec. 963, 650 N.E.2d 657 (1995). Illinois courts recognize the general rule that municipalities do not owe a duty to pedestrians who attempt to cross a street outside a crosswalk. Vaughn, 166 Ill.2d at 158, 209 Ill.Dec. 667, 651 N.E.2d 1115. Thus, even if plaintiff proved his complaint's allegation "HOUGH was a pedestrian standing on West 95th Street at approximately 5400 West in Oak Lawn"this allegation alone is insufficient to establish a duty by Oak Lawn and entitle the plaintiff to relief. The complaint contains no other fact that could establish an exception to Illinois' general rule and make decedent an intended user of the street, a fact essential for plaintiff to prove before recovery would be possible. Therefore, because the complaint did not allege sufficient facts to entitle the plaintiff to relief, even if all its facts were proved true, the trial court properly dismissed the complaint pursuant to section 2-615.
Cross-plaintiff Kalousek disputes this conclusion on two levels. First, he claims that factual allegations in the complaint suggest that decedent was in a crosswalk. One such fact is the address of "5400," but not every address with a round number contains an intersection. Cross-plaintiff's other "fact" is the complaint's allegation that Mr. Kalousek failed to yield the right-of-way to decedent, as cross-plaintiff argues that yielding would be required only if decedent had been in a crosswalk. Nevertheless, a "failure to yield the right-of-way" is not a fact but a conclusional allegation, and a section 2-615 motion does not admit conclusions of law or factual conclusions which are unsupported by allegations of specific facts. Carter, 272 Ill.App.3d at 555, 208 Ill.Dec. 963, 650 N.E.2d 657. Only allegations of specific facts themselves may be considered in a motion pursuant to section 2-615, and we may not use legal conclusions to infer specific facts as cross-plaintiff has requested.
*438 Cross-plaintiff also contends that a cause may not be dismissed pursuant to section 2-615 "unless there appears absolutely no set of facts that would permit a recovery," concluding that "it can not be said that the allegations of the complaint preclude a recovery by the plaintiff." However, Illinois remains a fact-pleading jurisdiction. Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc., 275 Ill.App.3d 452, 456, 211 Ill.Dec. 299, 654 N.E.2d 1109 (1995). The plaintiff must allege sufficient facts in the complaint which, if proved, would entitle the plaintiff to relief. Boyd, 166 Ill.2d at 194, 209 Ill.Dec. 727, 652 N.E.2d 267; see also Consolidated, 169 Ill.2d at 119, 214 Ill.Dec. 156, 660 N.E.2d 863. Because a complaint must establish grounds for relief, instead of merely not precluding relief were plaintiff to later add facts necessary for recovery, cross-plaintiff's position is meritless.
Plaintiff relies on Princivalli v. City of Chicago, 202 Ill.App.3d 525, 147 Ill.Dec. 850, 559 N.E.2d 1190 (1990), which reversed a summary judgment for defendant after finding a factual question as to whether the pedestrian had been an intended user of the street. However, Princivalli involved a pedestrian who had just alighted from her legally parked car, a narrow exception to the general rule that pedestrians are not intended users of the streets. See Vaughn, 166 Ill.2d at 159, 209 Ill.Dec. 667, 651 N.E.2d 1115. Because plaintiff has not pled any facts that would allow a reasonable inference that any exception applies to the general rule that decedent was not an intended user of the street, Princivalli cannot support his claim. Plaintiff also cites Wagner v. City of Chicago, 166 Ill.2d 144, 209 Ill.Dec. 672, 651 N.E.2d 1120 (1995), which held that a motorcyclist was an intended user of the road even if travelling negligently. However, it was not decedent's negligence which made her an unintended user of the street, but her status as a pedestrian; thus, Wagner is inapposite.
Because of our resolution of the issue of duty in Oak Lawn's favor, we need not determine whether the complaint also failed to allege sufficient facts which could establish that Oak Lawn proximately caused the decedent's injuries.

II
Addressing the plaintiff's appeal against Mr. Kalousek for a protective order against any reference to inadequate lighting, we first note that we do not have jurisdiction to hear this appeal. Plaintiff asserted jurisdiction pursuant to Supreme Court Rule 304(a) (134 Ill.2d R. 304(a)), but the denial of the protective order was not a final judgment as to all parties, and the court's order did not make an express written finding that there was no reason to delay enforcement of the order. Thus, Rule 304(a) does not provide this court with jurisdiction.
In his reply brief, plaintiff asserts that the appeal is allowed because he can bring up all related orders entered before the notice of appeal. The appeal from a final judgment draws in question all prior nonfinal orders that produced the judgment. In re Estate of Nicholson, 268 Ill.App.3d 689, 694, 205 Ill.Dec. 831, 644 N.E.2d 47 (1994); Burtell v. First Charter Service Corp., 76 Ill.2d 427, 433, 31 Ill.Dec. 178, 394 N.E.2d 380 (1979). A prior nonfinal order is reviewable if it is a step in the procedural progression leading to the judgment specified in the notice of appeal. Nicholson, 268 Ill.App.3d at 694, 205 Ill.Dec. 831, 644 N.E.2d 47; Burtell, 76 Ill.2d at 434, 31 Ill.Dec. 178, 394 N.E.2d 380. In this matter, the protective order was not such a procedural step in the judgment in favor of Oak Lawn, and, thus, we lack jurisdiction to review the order.
In addition, plaintiff's brief has failed to cite any authority that he would be entitled to such a protective order. Supreme Court Rule 341(e)(7) provides that the appellant's brief shall contain the contentions of the appellant and the reasons thereof, with citations of authorities. 145 Ill.2d R. 341(e)(7). Thus, because plaintiff failed to cite authority to support his arguments, we also deem his arguments waived. Pyskaty v. Oyama, 266 Ill.App.3d 801, 822, 204 Ill.Dec. 328, 641 N.E.2d 552 (1994); Blomquist v. Kent, 264 Ill.App.3d 331, 335, 201 Ill.Dec. 418, 636 N.E.2d 850 (1994).
*439 Mr. Kalousek asks for sanctions pursuant to Supreme Court Rule 375(b) (134 Ill.2d R. 375(b)) for the bringing of a frivolous appeal. However, plaintiff has presented this court with citations that allow the appeal of orders "related" to the final judgment. Even though we disagree with plaintiff's contention that the protective order was related to Oak Lawn's motion to dismiss, we cannot conclude that plaintiff did not have a good-faith argument in this matter.
For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.
McNULTY, P.J., and GORDON, J., concur.