RAY HOYE *et al.*, Plaintiffs-Appellants, v. ILLINOIS POWER COMPANY, Defendant-Appellee.

Fourth District    No. 4—94—0637

Argued January 24, 1995.—Opinion filed February 17, 1995.

Kevin P. Fitzgerald (argued), of Thomson & Weintraub, of Bloomington, for appellants.

A. James Shafter (argued), James E. Peckert, and Gregory Q. Hill, all of Kehart, Shafter, Hughes & Webber, P.C., of Decatur, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiffs Ray and Nethella (also spelled Nathellah in the record) Hoye appeal from an order of the circuit court of Macon County dismissing their second-amended complaint against defendant Illinois Power Company for failure to state a cause of action. Plaintiffs sought to recover damages for personal injuries to Ray and Nethella's loss of consortium after Ray was rendered a quadriplegic when he dove off a pontoon boat into Clinton Lake. Plaintiffs attempted to recover under theories of negligence and willful and wanton misconduct.

The issues on appeal are whether (1) defendant is immune from liability under the Recreational Use of Land and Water Areas Act (Recreational Use Act) (745 ILCS 65/1 *et seq.* (West 1992)) and (2)

plaintiffs' second-amended complaint failed to state a cause of action for willful and wanton misconduct. We affirm.

Counts I and II of plaintiffs' second-amended complaint attempted to allege causes of action for premises liability under a theory of negligence. On April 20, 1978, defendant and the Illinois Department of Conservation (DOC) entered into a 40-year lease agreement whereby DOC leased Clinton Lake from defendant in order to provide recreational facilities to the public. The terms of the lease need not be set out in detail, although we note that defendant retained a great deal of control over the area to ensure the continued use of the lake for cooling water and the surrounding area for other purposes related to the Clinton Nuclear Power Station.

The complaint further alleged that DOC charged a fee to persons using the lake for recreational purposes, including the beach and swimming areas, and that defendant leased a marina on the lake to an operator and received a percentage of the fees charged persons docking their boats at the marina for recreational use of the lake. According to the complaint, on July 7, 1991, plaintiff was on a pontoon boat anchored at the northeast side of the beach and swimming area. Plaintiff dove into the lake from the boat, struck his head, and sustained injuries rendering him paralyzed. In the negligence counts, it was alleged that defendant failed to (1) prohibit diving from boats in the area where the boat was anchored, (2) supervise the area to prevent diving from boats, and (3) post warnings that the area was too shallow to dive in.

The allegations of the willful and wanton counts were substantially the same. In addition, however, plaintiffs alleged that, before July 7, 1991, defendant (1) knew persons anchored boats at the northeast side of the beach and swimming area, (2) knew persons dove from such boats, (3) knew or should have known there were sandbars or other shallow areas so that it was unsafe to dive, and (4) despite this knowledge, failed to (a) prohibit diving in the area where the boat was anchored, (b) supervise the area to prevent diving from boats, (c) post warnings indicating the area was too shallow to dive in, and (d) require DOC in the lease with defendant to do (a), (b), or (c).

The second-amended complaint was dismissed for failure to state a cause of action pursuant to section 2—615(a) of the Illinois Code of Civil Procedure (735 ILCS 5/2—615(a) (West 1992)). Without accepting unsupported conclusions of fact or law in the complaint, we take as true all well-pleaded facts, and the reasonable inferences therefrom, in determining *de novo* whether there are sufficient facts alleged in the pleading which, if proved, could entitle plaintiff to relief.

*Kolegas v. Heftel Broadcasting Corp.* (1992), 154 Ill. 2d 1, 9, 607 N.E.2d 201, 205-06; *Creative Entertainment, Inc. v. Lorenz* (1994), 265 Ill. App. 3d 343, 351, 638 N.E.2d 217, 222; *Toombs v. City of Champaign* (1993), 245 Ill. App. 3d 580, 583, 615 N.E.2d 50, 51.

■ The Recreational Use Act provides that an owner of land does not owe a duty of care (1) to keep the premises safe for entry or use by persons for recreational or conservation purposes, or (2) to warn persons entering for such purposes of natural or artificial dangerous conditions, uses, structures or activities. (745 ILCS 65/3 (West 1992).) The purpose of the Recreational Use Act is "to encourage owners of land to make land and water areas available to the public for recreational or conservation purposes by limiting their liability toward persons entering thereon for such purposes." (745 ILCS 65/1 (West 1992).) As long as the person is invited or permitted to use the land without charge for recreational or conservation purposes, the owner does not (1) assure the premises are safe for any purposes; (2) confer on such person the status of invitee or licensee to whom a duty is owed; (3) assume responsibility or incur liability for any injury to person or property caused by an act or omission of such person or any other person who enters upon the land; or (4) assume responsibility or incur liability for any injury to person or property caused by any natural or artificial condition, structure, or personal property on the premises. (745 ILCS 65/4 (West 1992).) Unless otherwise agreed in writing, these provisions apply to owners of land leased to the State. (745 ILCS 65/5 (West 1992).) The owner of the land may, however, be liable for willful and wanton failure to guard or warn against a dangerous condition, use, structure, or activity. (745 ILCS 65/6(a) (West 1992).) A second exception to the application of the Recreational Use Act arises "where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof." (745 ILCS 65/6(b) (West 1992).) Section 6(b) of the Recreational Use Act expressly provides that consideration received by the owner by reason of a lease to the State or its subdivision is not a charge within the meaning of that section. 745 ILCS 65/6(b) (West 1992).

■ According to plaintiff, the Recreational Use Act does not apply to this case for two reasons. First, this type of recreational facility was excepted from the application of the Recreational Use Act by the Campground Licensing and Recreational Area Act (Campground Licensing Act) (210 ILCS 95/1 *et seq.* (West 1992)). Second, a fee was alleged to have been charged to users of the lake by the DOC and a concessionaire of defendant.

After comparing the Campground Licensing Act with the

Recreational Use Act, we do not find that the two acts are so manifestly and totally repugnant that the Campground Licensing Act impliedly repeals, in whole or in part, the Recreational Use Act. (See *Jahn v. Troy Fire Protection District* (1994), 163 Ill. 2d 275, 279-80.) Indeed, section 25 of the Campground Licensing Act now states, "Nothing in this Act shall be construed to impose any additional duty of care on an owner of land who either directly or indirectly invites or permits without charge, as defined in the Recreational Use of Land and Water Areas Act, any person to use such property for recreational purposes." (210 ILCS 95/25 (West 1992).) Furthermore, "swimming," which is the activity involved in this case, is now removed from the definition of "recreational activities" under the Campground Licensing Act. 210 ILCS 95/2(b) (West 1992) (amended by Pub. Act 84—650, § 1, eff. September 20, 1985 (1985 Ill. Laws 4211)); see also 210 ILCS 125/1 *et seq.* (West 1992) (applicability of the Swimming Pool and Bathing Beach Act to the case at bar is not argued by plaintiff).

In addition, we reject the "casual basis" test formulated in *Miller v. United States* (N.D. Ill. 1976), 442 F. Supp. 555, *aff'd* (7th Cir. 1979), 597 F.2d 614, and subsequently applied in *Logan v. Old Enterprise Farms, Ltd.* (1989), 188 Ill. App. 3d 920, 931-35, 544 N.E.2d 998, 1005-08, *rev'd on other grounds* (1990), 139 Ill. 2d 229, 564 N.E.2d 778, and *Phillips v. Community Center Foundation & the Children's Farm* (1992), 238 Ill. App. 3d 505, 511-18, 606 N.E.2d 447, 451-55, as well as subsequent Federal cases. In ascertaining and giving effect to the legislature's intent, we first look to the plain and ordinary meanings of the unambiguous terms employed (*Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 194-95, 595 N.E.2d 561, 562) from which it becomes clear that the legislature intended to extend an immunity for actions in negligence to landowners who open their lands for recreational use by the public without charging a fee.

Although both acts apply to recreational areas, one concerns regulation by an agency of the State for safety and sanitation reasons, and the other limits liability for owners and operators of recreational areas for which fees are not charged and who have not willfully and wantonly caused injury. The fact that the recreational facility is large, used predominantly for recreational activity, open to the public, and subject to the Campground Licensing Act does not suggest that the legislature intended to remove the immunity granted by the Recreational Use Act unless the express exceptions stated in the Recreational Use Act applied.

■ The next question is whether the immunity is inapplicable because of the allegation that some patrons of the recreational area

at Clinton Lake were charged fees to use the facility. It is not alleged that defendant directly charged a fee. The fees were allegedly charged by DOC and a concessionaire of defendant.

As to the rent received by defendant from DOC, such consideration is not deemed a charge under the Recreational Use Act. (745 ILCS 65/6(b) (West 1992).) Therefore, the fact that DOC may charge a fee to enter on the land and the lease provided for payment to defendant does not remove the immunity to defendant. The source of DOC's funds out of which it pays the rent is irrelevant for this purpose.

As for the allegation that the defendant received a percentage of concession and docking fees from a marina, that allegation does not allege that a fee was charged for admission to the land. As used in the Recreational Use Act, "charge" means an admission fee to go upon the land. (745 ILCS 65/2(d) (West 1992).) This does not include incidental charges for refreshments or other services while on the land. Under the allegations of the complaint, it is possible that a person who put his boat into the lake in the morning and took it out in the afternoon would not have to pay a fee.

Therefore, the defendant is immune from the plaintiffs' negligence actions under the Recreational Use Act. The trial court properly dismissed counts I and II of plaintiffs' second-amended complaint.

■ The remaining issue is whether plaintiffs' second-amended complaint failed to state a cause of action for willful and wanton misconduct. Recognizing the qualitative difference between negligence and willful and wanton misconduct (*Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, 448-50, 593 N.E.2d 522, 530-31; *Majewski v. Chicago Park District* (1988), 177 Ill. App. 3d 337, 340-41, 532 N.E.2d 409, 410-11), we fail to find any allegations in the complaint which, if proved, would demonstrate defendant (1) failed to exercise ordinary care to prevent injury after having knowledge of an impending danger, or (2) recklessly or carelessly failed to discover a danger which could have been discovered through ordinary care. (*Lynch v. Board of Education of Collinsville Community Unit District No. 10* (1980), 82 Ill. 2d 415, 429, 412 N.E.2d 447, 457; *Straub v. City of Mt. Olive* (1993), 240 Ill. App. 3d 967, 977, 607 N.E.2d 672, 678.) Unsupported allegations that (1) the defendant's acts were done willfully and wantonly, (2) the condition was unreasonably dangerous, and (3) the defendant knew or should have known of the unreasonably dangerous condition are conclusional. *Washington v. Chicago Board of Education* (1990), 204 Ill. App. 3d 1091, 1094, 562 N.E.2d 541, 543.

In this case, plaintiffs alleged that defendant knew that persons anchored their boats on the northeast side of the beach and swimming area and knew that persons dived from the boats. These appear to be allegations of defendant's specific knowledge. (See *Oravek v. Community School District 146* (1994), 264 Ill. App. 3d 895, 900, 637 N.E.2d 554, 558.) However, it was also alleged that defendant knew or should have known there were sandbars or other shallow areas so that it was unsafe to dive from boats. This last allegation is conclusional. There are no facts alleged, such as a prior injury, which demonstrate knowledge on the part of defendant either of the existence of shallow waters in that area or that it was unsafe to dive from boats. Indeed, based on plaintiffs' allegations, it would appear that other persons had dived from boats in that area without incident. Plaintiffs do not allege that defendant recklessly or carelessly failed to discover a danger which could have been discovered through ordinary care. In the absence of any allegation of fact which would demonstrate willfulness and wantonness, the allegations of misconduct (failure to prohibit diving, failure to supervise to prevent diving, failure to post warnings, and failure to require DOC to do any of those) amount to no more than negligence. The trial court properly dismissed counts III and IV of the plaintiffs' second-amended complaint.

The judgment of the circuit court of Macon County is affirmed.

Affirmed.

LUND and STEIGMANN, JJ., concur.