(No. 94-CC-0027—)

RAY HOYE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 27, 1997.*

*Opinion filed October 2, 1997.*

THOMSON & WEINTRAUB (KEVIN P. FITZGERALD, of counsel), for Claimant.

JAMES E. RYAN, Attorney General (GREGORY T. RIDDLE, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

This is a claim for personal injuries allegedly sustained when Claimant dove from a boat into a portion of Clinton Lake, a conservation facility which Respondent has leased from Illinois Power Company. The amended complaint pleads ordinary negligence on the part of Respondent in allegedly failing to post warnings and properly supervise the area where Claimant's diving accident occurred.

Of import to the present status of the litigation is paragraph 2(e) of the amended complaint:

"That at said time, the Respondent, the State of Illinois, Department of Conservation, charged a fee to persons using the Lake for recreational purposes, including the beach and swimming area."

Respondent has filed a motion to dismiss grounded on the Recreational Use of Land and Water Areas Act, 745 ILCS 65, which provides in pertinent parts:

"Section 3. Except as specifically recognized by or provided in Section 6 of this Act, an owner of land owes no duty of care to keep the premises safe for entry or use by any person for recreational or conservation purposes, or to give any warning of a natural or artificial dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

\* \* \*

Section 6. Nothing in this Act limits in any way liability which otherwise exists:

\* \* \*

(b) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof \* \* \*." See 745 ILCS 65/3 and 65/6.

The operative terms "owner" and "charge" are defined in section 2 of the Act as follows:

"(b) 'Owner' includes the possessor of any interest in land, whether it be a tenant, lessee, occupant, the State of Illinois and its political subdivisions, or person in control of the premises.

\* \* \*

(d) 'Charge' means an admission fee for permission to go upon the land, but does not include the sharing of game, fish or other products of recreational use; or benefits to or arising from the recreational use; or contributions in kind, services or cash made for the purpose of properly conserving the land." See 745 ILCS 65/2(b) and (d).

Claimant initially challenges the applicability of the Recreational Use of Land and Water Areas Act, citing to defunct precedent which this Court has previously referred to as the *Miller* doctrine.[1] The *Miller* doctrine was carefully reviewed by this Court and rejected in a January 31, 1994 opinion issued in *Sherman v. State*, 93 CC 2240,

---

[1] *Miller v. United States* (7th Cir. 1979), 597 F.2d 614.

and a copy of that decision is attached hereto for the benefit of the parties inasmuch as it has not yet been published by the Court. Since our decision in *Sherman*, the Appellate Court has also studied the *Miller* doctrine and reached the same result. *Hoye v. Illinois Power Co.* (4th Dist. 1995), 269 Ill. App. 3d 597, 601, 646 N.E.2d 651, 653, *app. denied* (1995), 162 Ill. 2d 567, 652 N.E.2d 341.

Claimant next challenges the applicability of the Recreational Use of Land and Water Areas Act by contending that the Swimming Pool and Bathing Beach Act, 210 ILCS 125, should instead govern. However, Claimant's counsel has provided no authority or reasoned argument to support this bald contention. Accordingly, it is rejected.

Thus, the narrow issue before the Court is whether the payment alleged in paragraph 2(e) of the amended complaint constitutes a "charge" so as to overcome the general immunity otherwise afforded to Respondent by section 3 of the Recreational Use of Land and Water Areas Act. The amended complaint specifically terms the payment as a "fee," not an "admission fee." Respondent has submitted an affidavit from its director of fiscal management indicating that the payment is deposited into the State parks fund, from which fund sums are then disbursed for the "maintenance, development, operation, control and acquisition of State Parks."

The "exception to the exception" set forth in paragraph 2(d) of the Recreational Use of Land and Water Areas Act expressly states that a "charge" does not include *"contributions * * * made for the purpose of properly conserving the land"* (emphasis added). The use of the terminology "contribution" suggests a voluntary, donative intent; in short, a gift. This seems especially so when viewed in distinction to the "admission fee for permission to go upon the land" language found earlier in the definition. Further, use of the

word "the" ahead of "land" suggests that the "contribution" is to be used solely for the particular facility at which the payment is made. Accordingly, we hold that a payment constitutes a "charge" unless it is a purely voluntary gift to be used for the particular facility at which it was given.

The affidavit submitted by Respondent says nothing about the voluntary or involuntary nature of the payment. However, Respondent's affidavit clearly does indicate that the payment is deposited into a general, State-wide parks fund from which it may be used to support any number of other facilities. Thus, for purposes of this motion only, the Court finds that the payment referenced in paragraph 2(e) of the amended complaint constituted a "charge" which would trigger the operation of section 6(d) of the Recreational Use of Land and Water Areas Act.

It is therefore ordered that Respondent's motion to dismiss Claimant's amended complaint is denied.

## OPINION

SOMMER, C.J.

This claim returns before the Court on Respondent's second motion to dismiss. The complaint filed herein alleges that Claimant was rendered a quadriplegic when he dove into a portion of Clinton Lake where swimming was not permitted. Respondent's initial motion to dismiss pursuant to the Recreational Use of Land and Water Areas Act (745 ILCS 65), was denied inasmuch as Respondent had charged Claimant a fee to use the lake.

The instant motion to dismiss is grounded on *Buchereles v. Chicago Park District* (1996), 171 Ill. 2d 435, 665 N.E.2d 826, which held that a landowner owes no duty to protect or warn against possible injuries from the open and obvious risks associated with diving into water of unknown depth. The *Buchereles* court wrote:

"In cases involving obvious and common conditions, such as fire, height, and bodies of water, the law generally assumes that persons who encounter these conditions will take care to avoid any danger inherent in such condition. The open and obvious nature of the condition itself gives [warning of potential harm] and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks.

\* \* \*

'[A] reasonable adult \* \* \* would recognize that an attempt to execute a head-first \* \* \* dive into [a] lake, without prior awareness of the depth of the waters, might result in severe injury from hitting one's head on the lake bottom. [citation omitted]' [T]he danger involved \* \* \* 'is open and obvious \* \* \*.'" *Buchereles*, 171 Ill. 2d at 448 and 453, 665 N.E.2d at 832 and 834-35, quoting partially from *Dowen v. Hall* (1st Dist. 1989), 191 Ill. App. 3d 903, 548 N.E.2d 346.

Here, Claimant specifically intended to dive into the water. Yet, from the record before us, he apparently did so without attempting to ascertain the water's depth and without any basis to assume that it was safe for swimming, let alone for diving.

Inasmuch as the dangerous nature of diving under these circumstances was open and obvious to Claimant, Respondent owed Claimant no duty to protect him from any dangers associated with his dive. It is therefore ordered that Respondent's motion to dismiss is allowed, and this claim is dismissed with prejudice.