DONALD J. FRASER, Plaintiff-Appellant, v. UNIVERSITIES RESEARCH ASSOCIATION, INC., Defendant-Appellee.

Second District    No. 2—97—1155

Opinion filed November 17, 1998.—Rehearing denied December 29, 1998.

512

James M. Charlton and Lawrence A. Stein, both of Huck, Bouma, Martin, Charlton & Bradshaw, P.C., of Wheaton, for appellant.

Anthony V. Fanone and Michael L. Handley, both of Law Offices of Mark R. Rudoff, of Downers Grove, for appellee.

JUSTICE RATHJE delivered the opinion of the court:

Plaintiff, Donald J. Fraser, appeals from a trial court order that granted summary judgment in favor of defendant, Universities Research Association, Inc. Plaintiff's complaint alleged that defendant, a corporation that operates the property commonly known as Fermi National Accelerator Laboratory in Batavia, Illinois (the property or Fermilab), negligently allowed a defective condition to exist on a bicycle path on the property and that as a result of this condition plaintiff suffered injuries while riding his bicycle on the bicycle path. At issue is whether the Recreational Use of Land and Water Areas Act (Recreational Use Act) (745 ILCS 65/1 *et seq.* (West 1994)) applied and immunized defendant from liability or the Campground Licensing and Recreational Area Act (Recreational Area Act) (210 ILCS 95/1 *et seq.* (West 1994)) restricted the application of the Recreational Use Act and defendant therefore was not immunized from liability. We affirm.

The specific allegations in plaintiff's complaint included the following. On May 25, 1995 (the accident date), defendant occupied, maintained, possessed, and operated the property. On the accident date, defendant possessed and maintained bicycle paths on the property and made the paths available for use by the general public. Defendant knew or should have known that there was a series of depressions in the pavement of one of its bicycle paths. On the accident date, while riding his bicycle on the bicycle path with the depressions, plaintiff rode his bicycle through the depressions, which caused him to fall and suffer injuries.

The complaint alleged that defendant had a duty to exercise ordinary care to ensure that the property, including the bicycle paths, was safe for the use of those lawfully on the premises. The complaint also alleged that defendant breached this duty by allowing the depressions in the bicycle path, by failing to warn users about them, by failing to repair them, and/or by failing to inspect its premises and locate the depressions.

After the trial court denied its motion to dismiss the complaint, defendant filed a motion for summary judgment. The motion for summary judgment asserted that the Recreational Use Act applied and that defendant therefore did not owe a duty of care to plaintiff with respect to his use of the bicycle paths. Attached to the motion for summary judgment was the affidavit of David Gassman. The affidavit stated that Gassman was an attorney for defendant at Fermilab. The affidavit, referring to defendant as "URA," also stated:

"The primary purpose of the land and facilities that comprise Fermilab is the furtherance of the work performed under the auspices of [the] U.S. Department of Energy by the Fermi National Accelerator Laboratory. There are bicycle paths present upon the land that comprises Fermilab that are available for use by the general public. URA permits these bicycle paths to be used recreationally by members of the general public on a casual basis. The land is not open twenty-four hours a day for these purposes. No charge is made for the use of the bicycle paths."

Also attached to the motion for summary judgment was a transcript of testimony that plaintiff gave during a deposition. In his deposition, plaintiff testified that at the time of the accident he was on the Fermilab bicycle paths for recreational purposes and that he had no other reason for being on the paths at that time.

After a hearing on the matter, the trial court entered an order granting defendant's motion for summary judgment. In making its ruling, the trial court stated that the Recreational Use Act was applicable. Plaintiff's timely notice of appeal followed.

■ The principles that guide us in the review of a grant of summary judgment are well established. Our supreme court recently reiterated these principles as follows:

"Summary judgment is proper 'where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.' *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 333 (1996). Our review of an order granting summary judgment is *de novo. Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992)." *Zekman v. Direct American Marketers, Inc.*, 182 Ill. 2d 359, 374 (1998).

In this case, plaintiff contends that the trial court erred when it granted summary judgment in favor of defendant because there is a genuine issue of material fact. Plaintiff asserts that the Recreational Use Act applies only when the recreational use in question was "casual" and that there is a genuine issue of material fact whether his use of the bicycle path was "casual."

Plaintiff's position is plainly based on his contention that the Recreational Use Act applies only where the use of the property in question is "casual." In support of his contention, plaintiff asserts that there is a conflict between the Recreational Use Act and the Recreational Area Act (the Acts) that should be resolved by applying a "casual basis" test. We begin our analysis of that question by reviewing the relevant provisions of the Acts.

■ The Recreational Use Act provides that its purpose is "to encourage owners of land to make land and water areas available to the public for recreational or conservation purposes by limiting their liability toward persons entering thereon for such purposes." 745 ILCS 65/1 (West 1994). To accomplish this purpose, the Recreational Use Act grants a landowner who makes his land available to the public for recreational purposes certain immunities from liability as long as the landowner does not willfully and wantonly fail "to guard or warn against a dangerous condition, use, structure, or activity," or, with exceptions not applicable here, does not charge "the person or persons who enter or go on the land for the recreational use thereof." 745 ILCS 65/6 (West 1994).

For example, section 3 of the Recreational Use Act (745 ILCS 65/3 (West 1994)) immunizes a landowner from liability (if the landowner has not acted willfully and wantonly and has not charged persons to enter or go on the land) by providing, in relevant part:

"[A]n owner of land owes no duty of care to keep the premises safe for entry or use by any person for recreational or conservation purposes, or to give any warning of a natural or artificial dangerous condition, use, structure, or activity on such premises to persons entering for such purposes."

Section 4 of the Recreational Use Act (745 ILCS 65/4 (West 1994)) also immunizes a landowner from liability by providing, in relevant part:

"[A]n owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational or conservation purposes does not thereby:

(a) Extend any assurance that the premises are safe for that purpose.

(b) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

(c) Assume responsibility for or incur liability for any injury to person or property caused by an act or omission of such person or any other person who enters upon the land.

(d) Assume responsibility for or incur liability for any injury to such person or property caused by any natural or artificial condition, structure or personal property on the premises."

■ Section 3 of the Recreational Area Act (210 ILCS 95/3 (West 1994)) states the Act's purpose as follows:

> "[T]o protect, promote, and preserve the public health, safety and general welfare by providing for the establishment and enforcement of minimum standards for safety, cleanliness and general sanitation for all recreational areas and campgrounds now in existence or hereafter constructed or developed and to provide for inspection of all such facilities and the licensing of campgrounds."

The Recreational Area Act defines a recreational area as "any area of land which is designed, constructed, operated or maintained either free of charge or for revenue purposes for recreational activities." 210 ILCS 95/2 (a) (West 1994).

■ Unlike the Recreational Use Act, the Recreational Area Act does not grant explicit immunities from liability to landowners. However, the second sentence of section 25 of the Recreational Area Act (210 ILCS 95/25 (West 1994)) refers to the Recreational Use Act. The second sentence of section 25 provides as follows:

> "Nothing in this Act shall be construed to impose any additional duty of care on an owner of land who either directly or indirectly invites or permits without charge, as defined in the Recreational Use of Land and Water Areas Act, any person to use such property for recreational purposes."

Plaintiff asserts that the plain language of the Acts gives rise to tension between the Acts with respect to their purposes and policies. In plaintiff's view, the correct resolution of this tension is the position he propounds, *i.e.*, that the Recreational Use Act applies only where the landowner allows recreational use of his land on a "casual basis," but does not apply where the landowner makes the land available for recreational use "primarily" or "exclusively."

In support of his position, plaintiff cites several federal and Illinois cases. The federal cases cited by plaintiff consistently determined that the Acts should be read *in pari materia* and that, when they were so read, the Recreational Area Act restricted the applicability of the Recreational Use Act to situations where the recreational use of the land was on a "casual basis." See *Davis v. United States*, 716 F.2d 418, 428 (7th Cir. 1983); *Stephens v. United States*, 472 F. Supp. 998, 1012 (C.D. Ill. 1979); *Miller v. United States*, 442 F. Supp. 555, 561 (N.D. Ill. 1976), *aff'd*, 597 F.2d 614 (7th Cir. 1979). If the use of the land in question was deemed to be primarily recreational rather than recreational on a casual basis, these cases held that the Recreational Use Act did not apply and the landowner therefore was not immune from liability. See, *e.g.*, *Miller*, 597 F.2d at 616.

The Illinois cases cited by plaintiff generally followed the forego-

ing federal cases or at least cited them with approval. See *Snyder v. Olmstead*, 261 Ill. App. 3d 986, 990 (3d Dist. 1994); *Phillips v. Community Center Foundation & The Children's Farm*, 238 Ill. App. 3d 505, 516 (1st Dist. 1992); *Logan v. Old Enterprise Farms, Ltd.*, 188 Ill. App. 3d 920, 934 (5th Dist. 1989), *rev'd on other grounds*, 139 Ill. 2d 229 (1990).

Defendant responds that neither the terms of the Acts nor the cases relied on by plaintiff require that the immunities offered by the Recreational Use Act be restricted in the way propounded by plaintiff because none of these cases considered the second sentence of section 25 of the Recreational Area Act. In support of its position, defendant relies on an opinion of the Appellate Court, Fourth District, *Hoye v. Illinois Power Co.*, 269 Ill. App. 3d 597 (1995).

In *Hoye*, the plaintiff was rendered a quadriplegic after he dove into a lake from an anchored boat and struck his head. The defendant had leased the lake to the Illinois Department of Conservation (DOC) to provide recreational facilities to the public. DOC charged a fee to persons using the lake for recreational purposes. The plaintiff appealed from the dismissal of his complaint, which had sought relief under theories of negligence and willful and wanton conduct.

In *Hoye*, one of the issues before the court was whether the Recreational Area Act restricts the applicability of the Recreational Use Act to certain types of recreational facilities. *Hoye*, 269 Ill. App. 3d at 600. After comparing the Acts, the court found that the Recreational Area Act did not impliedly repeal, in whole or in part, the Recreational Use Act and therefore did not restrict its application. In making its finding, the court quoted the second sentence of section 25 of the Recreational Area Act (210 ILCS 95/25 (West 1994)). The court also specifically rejected the "casual basis" test. *Hoye*, 269 Ill. App. 3d at 601.

In its analysis, the *Hoye* court stated:

"[T]he legislature intended to extend an immunity for actions in negligence to landowners who open their lands for recreational use by the public without charging a fee.

Although both acts apply to recreational areas, one concerns regulation by an agency of the State for safety and sanitation reasons, and the other limits liability for owners and operators of recreational areas for which fees are not charged and who have not willfully and wantonly caused injury. The fact that the recreational facility is large, used predominately for recreational activity, open to the public, and subject to the [Recreational Area] Act does not suggest that the legislature intended to remove the immunity granted by the Recreational Use Act unless the express exceptions

stated in the Recreational Use Act applied." *Hoye,* 269 Ill. App. 3d at 601.

■ We agree with the *Hoye* court's analysis and its finding that the Recreational Area Act does not restrict the applicability of the Recreational Use Act. We also agree with the *Hoye* court's rejection of the casual basis test. We therefore elect to follow *Hoye* rather than the cases cited by plaintiff.

The *Hoye* approach to resolving any conflict between the Acts is the better approach because, unlike any of the cases cited by plaintiff, *Hoye* takes the second sentence of section 25 of the Recreational Area Act (210 ILCS 95/25 (West 1994)) into account. As noted above, the second sentence of section 25 states:

"Nothing in this Act shall be construed to impose any additional duty of care on an owner of land who either directly or indirectly invites or permits without charge, as defined in the Recreational Use of Land and Water Areas Act, any person to use such property for recreational purposes." 210 ILCS 95/25 (West 1994).

We believe that the plain words of this sentence show a legislative intent that the Recreational Area Act should not restrict the immunities provided by the Recreational Use Act.

This view is bolstered by the fact that the legislature enacted the second sentence of section 25 of the Recreational Area Act after the federal courts formulated the casual basis test. We presume that in adopting an amendment the legislature was aware of judicial decisions concerning prior and existing law and legislation. *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund,* 95 Ill. 2d 211, 218 (1983). The legislature first enacted the second sentence of section 25 of the Recreational Area Act in 1987. See Pub. Act 85—959, § 4, eff. December 8, 1987 (adding the second sentence to section 25 of the Recreational Area Act (then known as Ill. Rev. Stat. 1987, ch. 111½, par. 785)). This was after the federal courts had formulated the casual basis test. See *Miller,* 442 F. Supp. at 561 (first stating casual basis test in 1976).

Because the second sentence of section 25 makes it clear that the Recreational Area Act does not restrict the applicability of the Recreational Use Act, it follows that the casual basis test is not relevant in determining whether the Recreational Use Act applies to a particular recreational use of land. Rather, as stated in *Hoye,* the Recreational Use Act and its immunities apply unless the express exceptions set out in the Recreational Use Act preclude its application.

For these reasons, whether the recreational use of land was on a casual basis is not a question of material fact in determining whether the Recreational Use Act and its immunities apply. Accordingly,

plaintiff's argument that summary judgment was improper because there was a genuine issue of material fact as to whether defendant's bicycle paths were used on a casual basis fails.

Plaintiff does not contend that there were other genuine issues of material fact that precluded summary judgment. Therefore, the trial court correctly entered summary judgment in favor of defendant if the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to plaintiff, revealed that defendant was entitled to judgment as a matter of law.

After viewing the pleadings, affidavits, depositions, admissions, and exhibits on file in the light most favorable to plaintiff, we conclude that defendant was entitled to judgment as a matter of law. Gassman's affidavit showed that defendant made the bicycle paths on its land available to the public for recreational purposes and that defendant did not charge persons who entered its land to use the bicycle paths for such purposes. Plaintiff's deposition testimony showed that when the accident occurred plaintiff was on defendant's bicycle paths for recreational purposes. Willful and wanton conduct was not alleged. The Recreational Use Act therefore applied to immunize defendant from plaintiff's negligence claim.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER, P.J., and INGLIS, J., concur.